THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: IMMODIUM ADVANCED ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Master File No. 02-4093 |

# A M E N D E D   P R O T E C T I V E   O R D E R

**AND NOW,** this         day of September, 2003, it is hereby **ORDERED** as follows:

The provisions of this Confidentiality Order ("Order") shall apply to all discovery in this action, including all documents and information produced by any party or nonparty to this action, provided, however, that any nonparty at its option may file a motion for a protective order seeking additional or different protections for its documents or information in the district court from which any subpoena for documents or information issued to that nonparty or within the jurisdiction of which such nonparty shall supply such documents or information.

1. Notwithstanding, the documents referenced in paragraph V.6(a), (b), and (c) of Case Management Order No. 1 ("CMO") shall be provided to Plaintiffs within the time limits set forth in the CMO and may be used by the parties in the present consolidated actions in accordance with the terms of this Order.

2. Pursuant to Fed. R. Civ. P. 26(c)(7), if in the course of this litigation, any party or nonparty undertakes or is caused to disclose ("Disclosing Entity") what the Disclosing Entity

contends is a trade secret or other confidential research, development, or commercial information, the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Order, except insofar as any nonparty desires to file a motion for a protective order seeking additional or different protections for its documents or information in the district court from which any subpoena for documents or information issued to that nonparty or within the jurisdiction of which such nonparty supplied such documents or information.

     3. For purposes of this Order, the term "confidential information" shall mean any information, in whatever form, (a) which the Disclosing Entity contends is a trade secret or other confidential research, development, or commercial information and (b) which counsel for the Disclosing Entity designates as "confidential" upon good faith belief that there is good cause therefore under applicable law.  Confidential information shall not consist of any information which at any time has been: (1) produced, disclosed, or made available to the public or otherwise available for public access; and/or (2) disclosed in any filing to the Food and Drug Administration (but only to the extent such information would thereby become subject to public release through the Freedom of Information Act); and/or (3) otherwise disclosed in connection with any governmental public filing or securities offering and which documents or information could not reasonably be assumed to be or have been intended to be kept confidential; provided, however, that confidential compilations of information shall not be deemed to have been so produced or disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation.  Any information that has not been preserved or maintained in a manner calculated to preserve its confidentiality may not be designated as confidential.

4. Counsel for the Disclosing Entity must designated documents or information as confidential prior to actual production of the document or information (but may do so after inspection of the same) by placing the notation "CONFIDENTIAL" on every page of each document so designated, or in the case of confidential information disclosed in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container.

5. The witness, counsel for the witness, and counsel for any party shall have the right to exclude from oral depositions, other than the deponent and the deponent's counsel, any person who is not authorized by this Order to receive documents or information designated as confidential information. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising confidential information. If during the course of any deposition, and not later than thirty (30) days after the receipt of a written transcript of such deposition, the witness, counsel for the witness, or counsel for any of the parties in this action notifies counsel for the parties in writing that the deposition transcript or any portion thereof is subject to designation as confidential, such transcript or portion thereof shall be treated as provided by this Order for documents designated as confidential information.

6. Documents or information designated as confidential may be disclosed only by counsel of record for a party and only to the following persons:

(a) outside counsel for the parties of record including such counsel's paralegal and secretarial and clerical personnel;

(b) in-house counsel employed by any party to this action, including paralegal and secretarial and clerical personnel of such in-house counsel, provided such counsel and persons have no responsibilities in or related to any research, development, manufacture, marketing, or

sale of any products which are the subject of this action;

(c) officers, directors, or employees of the Disclosing Entity;

(d) authors, addressees, and recipients of the confidential document or information;

(e) a witness at a deposition if there is a good faith reason to believe that the witness (or the employer of such witness if upon Rule 30(b)(6) deposition) has previously seen the document;

(f) independent consultants and experts and their staff retained by counsel for a party for assistance with respect to this action;

(g) the Court and any persons employed by it;

(h) court reporters, including stenographers and video technicians; and

(i) copy and computer services personnel for purposes of copying, imaging, or indexing documents.

For purposes of this Order, no expert or consultant shall be deemed independent unless counsel for the party seeking to disclose documents or information designated as confidential to such expert or consultant shall have first established that neither such expert or consultant nor any affiliate thereof is currently engaged in, or employed by, engaged by, or affiliated with any pharmaceutical manufacturer that has filed an abbreviated new drug application to manufacture generic Immodium Advanced.

7. In addition to the limitations specified in Paragraph 6, documents or information designated as confidential may be disclosed to the persons described in paragraph 6 only to the extent necessary for purposes of this action and each person described in subparagraphs 6(b), (e), (f), (h), or (i) shall first have signed a counterpart of Exhibit A hereto acknowledging that he or she has read this Order, has agreed to be bound by it and will not disclose confidential documents or information and each such counterpart of Exhibit A shall be maintained by counsel making the

disclosure to such person and shall be made available to any party or nonparty Disclosing Entity requesting access thereto at the conclusion of this action.

8. Disclosure of confidential documents or information to an expert or consultant under Paragraphs 6 and 7 shall not constitute a designation of the person as an expert whose opinions may be presented at trial. Absent an express designation of a person as an expert whose opinions may be presented at trial, discovery relating to experts and consultants shall be limited as provided in Rule 26(b)(4)(B).

9. No party shall submit to the Court any documents or information designated as "Confidential" except in a separate envelope sealed and labeled with the caption of this case and the notation "Filed Under Seal" together with a motion for leave to file such document or information under seal, which motion shall clearly set forth the need for filing the same. The filing of such a motion shall not constitute an acknowledgment by the moving party of, or a waiver of its right to challenge, the appropriateness of any confidentiality designation made by any other Disclosing Entity.

10. Any party may contest the designation as "Confidential" of any information or documents by providing written notice to the Disclosing Entity (with a copy thereof to any other party) of the specific designations contested and the specific reasons therefor. The addressee of such notice may, within ten (10) business days after receipt thereof (or such longer period as may be agreed or the Court may order), file a motion for protective order with respect to some or all information or documents either in this Court or by a nonparty in the district court from which the subpoena was issued or within the jurisdiction of which such nonparty supplied such information or documents. Unless otherwise agreed in writing between the issuer of the notice and the addressee, failure of the addressee to file such a motion within such time shall be deemed a waiver

of the designation. Documents and information designated as "Confidential" shall be treated as such until ten (10) business days after the Court has entered an order on any motion for a protective order.

11. All documents and information designated as confidential shall be used solely for the purpose of trial or preparation for trial of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties and for no other purpose whatsoever. Without limitation, no person receiving confidential information shall use such confidential information in any other action or proceeding.

12. The terms of this Order shall in no way affect the right of any person (a) to withhold information on grounds of immunity from discovery such as, attorney-client privilege or work product; (b) to raise or assert any objections heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of information or documents furnished subject hereto; or (c) to reveal or disclose to anyone any documents or information designated by that entity as confidential information. The inadvertent disclosure of any document or information shall not operate as a waiver of any discovery privilege or exception, including without limitation the attorney-client privilege or the work product exemption, if the party or person producing the documents or information requests return of the documents or information within thirty (30) days after the discovery of the inadvertent disclosure. A party which has received inadvertently disclosed documents or information subject to a privilege shall, immediately upon discovery of the same, return (or with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and shall make no use thereof.

13. The parties' agreement to produce documents or furnish information is conditioned upon the confidential treatment of them as provided herein. Nothing in this Order shall be construed to create rights in any person not a party to this litigation except to the extent such person is a Disclosing Entity hereunder.

14. Unless the parties, through counsel, agree otherwise in writing, upon the final disposition of this action, counsel for the parties shall promptly return or destroy all documents designated as confidential, all documents incorporating confidential information, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product. Notwithstanding the foregoing, counsel of record shall be permitted to retain one file copy of materials made part of the trial record or which have been filed under seal with the Court and a copy of all depositions and deposition exhibits.

15. In the event that any person having possession, custody, or control of any document or information produced in this action and designated as confidential receives a subpoena or other process or order to produce such document or information, such person shall promptly notify the Disclosing Entity, shall furnish such Disclosing Entity with a copy of said subpoena or other process or order, and shall keep confidential such information and documents until the subpoena, process, or order shall have become final and incontestable. The Disclosing Entity shall have the burden of defending against such subpoena or other process or order.

16. The Court retains jurisdiction during and (to the extent necessary to enforce Paragraph 12 thereof) after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

17.  Perrigo documents are subject to the three conditions in the October 2, 2002 letter attached as Exhibit A to the Nast Declaration.

**BY THE COURT:**

_____
**MARVIN KATZ, S.J.**

EXHIBIT A

**AGREEMENT CONCERNING INFORMATION COVERED
BY CONFIDENTIALITY ORDER**

I, _____, hereby acknowledge that:

(a) I have received a copy of the Confidentiality Order ("Order") entered in this action by the United States District Court for the Eastern District of Pennsylvania;

(b) I have either read the Order and/or have had the terms of the Order explained to me by an attorney;

(c) I understand the terms of the Order and agree to comply with and to be bound by such terms;

(d) I may receive documents or information designated as confidential and understand that such documents and information are provided to me pursuant to the terms and restrictions of the Order;

(e) I agree to hold in confidence any documents and information disclosed to me pursuant to the terms of the Order; and

(f) I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for resolution of any matters pertaining to this Order.

My address is: _____

_____

My present employer is: _____

_____

Signature: _____     Date: _____